## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ATLAS ACQUISITIONS LLC, *et al* | § | MISC CASE NO. 16-302 |
| | § | (JUDGE ISGUR) |
| | § | |

### PORANIA, LLC AND FIRST SOURCE DATA, LLC'S JOINT EMERGENCY MOTION TO REQUIRE CASTLE PEAK GP I, LLC AND JOEL TUCKER TO SHOW CAUSE WHY THEY SHOULD NOT BE REQUIRED TO PRODUCE DOCUMENTS AFFECTING ADMINISTRATION OF PENDING BANKRUPTCY CASES
### (Relates to Dkt ## 1 & 10)

### NOTICE OF HEARING

**THE BANKRUPTCY COURT HAS SCHEDULED A HEARING ON THIS MOTION ON THURSDAY, MARCH 10, 2016 AT 2:30 PM IN COURTROOM 404, 515 RUSK AVE., HOUSTON, TEXAS 77002.**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

Prorania, LLC ("Prorania") and First Source Data, LLC ("First Source") (collectively "Movants") file this Emergency Motion to Require Castle Peak GP I, LLC ("Castle Peak") and Joel Tucker to Show Cause Why They Should Not Be Required to Produce Documents Affecting Administration of Pending Bankruptcy Cases.

## BACKGROUND

1.      On February 5, 2016, this Court issued the Order to Show Cause and Order Rescheduling Hearings ("the Show Cause Order"), a copy of which is attached as exhibit "A." The Court issued the Show Cause Order *sua sponte* for several reasons, one of which was that the unusual nature of at least 23 proofs of claim set forth in the Show Cause Order in the amount of precisely $390 ("the $390 claims"). Upon information and belief, Castle Peak originated the loans underlying the $390 claims.

2.      Prorania and Atlas Acquisitions, LLC ("Atlas Acquisitions") filed the $390 claims in various chapter 13 cases pending in this district. The $390 claims did not contain supporting documentation that the chapter 13 trustee could review to determine the validity of the claims.

3.      On February 26, 2016, the Court conducted a status conference in regard to the Show Cause Order. During the status conference, the Court was informed of the following:

●       Prorania had purchased the $390 claims in 2015 as a part of an approximate 10,000 claim purchase and sale transaction from First Source, a Florida company located in Delray Beach of which Jeffrey Brooks is a principal ("the 10K claim transaction").

●       Subsequently, in late 2015, Prorania sold to Atlas Acquisitions approximately 2,000 of the 10,000 claims that Prorania had acquired from First Source ("the 2K claim transaction'). Included in that sale were 14 of the twenty-three $390 claims covered by the Court's Show Cause Order.

- Mr. Brooks of First Source had advised Prorania in connection with the 10K claim transaction that Castle Peak was the originator of the underlying loan transactions that became the claims that were sold to Prorania in the 10K claim transaction.

- Beginning in December, 2015, Prorania began to receive objections to certain of its $390 claims. Pursuant to the purchase and sale agreement covering the 10K claim transaction, Prorania repeatedly demanded that First Source and Mr. Brooks provide to Prorania electronic copies of the underlying agreements (sometimes referred to as "media") supporting the $390 claims. Neither First Source nor Mr. Brooks provided to Proronia any of the underlying documentation regarding the claims included in the 10K claim transaction, which includes all 23 of the $390 claims covered by this Court's Show Cause Order.

4.      On February 29, 2016, Prorania filed an Emergency Motion to Require First Source Data, LLC and Jeffrey Brooks to Show Cause Why They Should Not Be Required to Produce Documents Affecting Administration of Pending Bankruptcy Cases (Dkt # 10). The Court scheduled an emergency hearing on the motion for Thursday, March 3, 2016.

5.      At the March 3rd hearing, Mr. Brooks and First Source appeared in person and through counsel. First Source counsel reported to the Court that First Source had brokered the 10K transaction to Porania, but did not have in its possession any of the underlying media supporting the claims sold in that transaction. First Source further reported to the Court that, as Porania made repeated demands on First Source to provide the media for the $390 claims, First Source repeatedly demanded the same from Joel Tucker, who First Source believed was an owner and/or principal of Castle Peak and who was the only person with whom First Source communicated in regard to the brokering the 10K transaction to Porania (copies of the emails from First Source to Mr. Tucker will be made available to the Court at or before the March 10, 2016 hearing in regard to this matter). Despite the repeated demands, neither Mr. Tucker nor Castle Peak has provided to First Source or Porania any of the underlying media for the $390 claims.

6.      At the conclusion of the March 3rd hearing, the Court scheduled another hearing for March 10, 2016 at 2:30 p.m.

7.      Mr. Tucker has transferred to First Source a total of approximately $124,000, which First Source believes is in anticipation of Mr. Tucker proposing a rescission of the 10K transaction.

**RELIEF REQUESTED**

8.      Under Section 105 of the Bankruptcy Court and pursuant to this Court's inherent power to protect the integrity of the administration of bankruptcy cases, Prorania and First Source request the Court schedule an emergency hearing on this motion and then order the following:

● That Joel Tucker and Castle Peak deliver to Prorania immediately the underlying agreements and any other document or media supporting each of the $390 claims covered by the Show Cause Order; and

● If Mr. Tucker and/or Castle Peak fails to deliver to Porania any of the foregoing documents, information or media, then the Court order Mr. Tucker and Castle Peak to appear at a hearing in this Court in the near future to show cause why they should not be sanctioned for contributing to the impairment of the administration of consumer bankruptcy cases and the bankruptcy process.

Accordingly, Porania and First Source request the foregoing relief so that (i) Prorania and Atlas Acquisitions can fulfill their obligations with regard to this Court's Show Cause Order, and (ii) the Court can protect the administration of bankruptcy cases in this district, and for such other and further relief as is just.

Respectfully submitted:

 /s/ Tom Kirkendall
Tom Kirkendall
State Bar No. 11517300/SDTX No. 02287
**LAW OFFICE OF TOM KIRKENDALL**
2 Violetta Court
The Woodlands, Texas 77381-4550
(281) 364.9946
(888) 582.0646 (fax)
bigtkirk@kir.com

**ATTORNEY FOR PRORANIA, LLC
AND JEFFREY DUNN**

**PORTER HEDGES LLP**

By:/s/ Joshua W. Wolfshohl
    Joshua W. Wolfshohl
State Bar No. 24038592
Aaron J. Power
State Bar No. 24058058
1000 Main Street, 36th Floor
Houston, Texas 77002
713.226-6000
713.228-1331 (fax)
jwolfshohl@porterhedges.com
apower@porterhedges.com

**COUNSEL FOR FIRST SOURCE DATA, LLC AND
JEFFREY D. BROOKS**

### CERTIFICATE OF CONFERENCE

On Friday, March 4, 2016, the undersigned transmitted an email to Joel Tucker, attached as exhibit "B" to this motion. On Saturday, March 5, 2016, the undersigned corresponded with Mr. Tucker via text message. A copy of that exchange is attached as exhibit "C" to this motion. Inasmuch as Mr. Tucker was traveling on Monday, March 7, 2016, the undersigned and Mr. Tucker are scheduled to discuss these matters by telephone conference at 10 a.m. on Tuesday, March 8th. Based on the foregoing, Prorania presumes that Mr. Tucker and Castle Peak oppose the relief requested in this motion.

 /s/ Tom Kirkendall
Tom Kirkendall

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that, on March 7, 2016, a true and correct copy of the foregoing pleading was served upon the all of the following parties-in-interest via email except for Castle Peak, through the ECF system to all parties-in-interest except for Castle Peak and Mr. Tucker, and, in the case of Castle Peak and Mr. Tucker, by U.S. Mail:

Barbara M. Barron
Stephen W. Sather
BARRON & NEWBURGER, P.C.
1212 Guadalupe St., Suite 104
Austin, Texas 78701
512.4769103
bbarron@bn-lawyers.com
ssather@bn-lawyers.com

**COUNSEL FOR ATLAS ACQUISITIONS, LLC**

Dinorah Gonzalez
COUNSEL FOR DAVID G. PEAKE, CHAPTER 13 TRUSTEE
Office of David G. Peake, Chapter 13 Trustee
9660 Hillcroft, Suite 430
Houston, TX 77096
713.283.5400
dgonzalez@peakech13trustee.com

David Aaron DeSoto
MANN LAW FIRM PLLC
5555 West Loop South, Suite 240
Bellaire, Texas 77401
713.893.8962
ddesoto@mannlawtexas.com

**COUNSEL FOR JH PORTFOLIO DEBT EQUITIES, LLC**

CASTLE PEAK GP I, LLC
ATTN: LEGAL DEPT
160 Greentree Dr., Suite 101,
Dover, DE 19904

Joel Tucker
160 Greentree Dr., Suite 101,
Dover, DE 19904
720.476.2277 (m)
joelt@alloydatasystems.com
tuckerjoel68@gmail.com

/s/ Tom Kirkendall
Tom Kirkendall