UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ATLAS ACQUISITIONS LLC, *et al.*, | § § § § § | MISC CASE NO: 16-00302 |

**EMERGENCY MOTION TO SET ASIDE THE ARREST WARRANT**

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

Joel Tucker ("Mr. Tucker") files this Emergency Motion ("Motion") to Set Aside the Arrest Warrant, and in support thereof respectfully states as follows:

### I.     JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested is available pursuant to 11 U.S.C §105(a), Rule 60 of the Federal Rules of Civil Procedure, and Rule 9024 of the Federal Rules of Bankruptcy Procedure.

### II.     BACKGROUND

2. On March 10, 2016, the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") issued an order to appear ("Order to Appear") against Mr. Tucker for him to appear and to produce documents before the Court on March 21, 2016. [Dkt. No. 22].

3. Mr. Tucker did not attend the March 21, 2016 hearing as he is an out-of-state resident and was in the midst of retaining counsel. On March 21, 2016, the Court continued the hearing to March 28, 2016.

4. Mr. Tucker, who lives in Colorado, was unable to attend the hearing on March 28, 2016 due to an unexpected illness.

5. On March 30, 2016, this Court issued an arrest warrant ("Arrest Warrant") to Mr. Tucker for his failure to appear. [Dkt. No. 27].

6. On April 1, 2016, Mr. Tucker retained counsel to represent him with respect to this action, including the Order to Appear and the related request for testimony and documents.

7. On April 1, 2016, Mr. Tucker flew to Houston and is prepared to appear before this Court and intends to submit to this Court's orders in this proceeding.

### III.  REQUEST TO SET ASIDE THE ARREST WARRANT

8. Rule 60 of the Federal Rules of Civil Procedure and its counterpart Rule 9024 of the Federal Rules of Bankruptcy Procedure allow a court to relieve a party from an order on the basis of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

9. Further, the Court has the power to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1); Fed. R. Bankr. P. 9024.

10. Good cause exists to set aside the Arrest Warrant because: (1) Mr. Tucker's absence from the March 21, 2016 and March 28, 2016 hearings was due to excusable neglect; (2) applying the Arrest Warrant prospectively is no longer equitable; and (3) Mr. Tucker intends to

comply with this Court's orders, thus resolving concerns regarding Mr. Tucker's participation in this proceeding. Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.

11. Specifically, Mr. Tucker's absences from the Court's hearings on March 21, 2016 and March 28, 2016 were due to excusable neglect as he is an out-of-state resident who is a non-party to the underlying bankruptcies or the present action. Further, by the time of the March 21 hearing, Mr. Tucker was in the middle of securing representation of counsel.

12. On April 1, 2016, Mr. Tucker retained counsel and intends to comply in good faith with this Court's orders, including the requirement to provide testimony and documents as described in the Order to Appear. Thus, applying the Arrest Warrant prospectively is no longer equitable pursuant to Federal Rule of Civil Procedure 60.

13. Further, no other parties will be prejudiced by granting this Motion.

14. Therefore, for the reasons stated above, it is equitable and within the jurisdiction of this Court to set aside the Arrest Warrant.

## IV.     CONCLUSION

15. WHEREFORE, Mr. Tucker respectfully requests that the Court enter an Order setting aside the Arrest Warrant and for such other and further relief as is just and proper.

Dated: April 1, 2016

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By: */s/ Jim Wetwiska*
Jim Wetwiska
Fed. No. 18089
TX State Bar No. 00785223
jwetwiska@akingump.com
Roxanne Tizravesh
Fed. No. 2618739
TX State Bar No. 24091141
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200
Tel: 713-220-5800
Fax: 713-236-0822

*Attorneys for Joel Tucker*

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of April, 2016, a true and correct copy of the foregoing **Emergency Motion to Set Aside Arrest Warrant** was served upon all counsel of record via ECF electronic service and email.

*/s/ Jim Wetwiska*
Jim Wetwiska

4