UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| ATLAS ACQUISITIONS LLC, *et al.*, | § § § § § | MISC CASE NO: 16-00302 |

## EMERGENCY MOTION TO RELEASE JOEL TUCKER FROM CUSTODY

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

Joel Tucker ("Mr. Tucker") files this Emergency Motion ("Motion") to Release[1] Joel Tucker from Custody, and in support thereof respectfully states as follows:

**I.  JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. The relief requested is available pursuant to 11 U.S.C §105(a), 28 U.S.C. §2255, Rule 60 of the Federal Rules of Civil Procedure, and Rule 9024 of the Federal Rules of Bankruptcy Procedure.

**II.  BACKGROUND**

  a. Order to Appear

2. On March 10, 2016, the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court") issued an order to appear ("Order to Appear") against

---

[1] This Motion does not constitute an exhaustive discussion of Mr. Tucker's grounds for relief, a Jimenez requests that the Court consider this Memorandum in conjunction with the Petition and any further briefing permitted by the Court.

Mr. Tucker for him to appear and to produce documents relating to the "Castle Peak loans in the amount of $390.00" (the "$390 Claims") before the Court on March 21, 2016. [Dkt. No. 22].

3. Mr. Tucker did not attend the March 21, 2016 hearing as he is an out-of-state resident and was in the midst of retaining counsel. On March 21, 2016, the Court continued the hearing to March 28, 2016.

4. Mr. Tucker, who lives in Colorado, was unable to attend the hearing on March 28, 2016 due to an unexpected illness.

5. On March 30, 2016, this Court issued an arrest warrant ("Arrest Warrant") to Mr. Tucker for his failure to appear. [Dkt. No. 27].

6. On April 1, 2016, Mr. Tucker retained counsel to represent him with respect to this action, including the Order to Appear and the related request for testimony and documents.

7. On April 1, 2016, Mr. Tucker filed an Emergency Motion to Set Aside the Arrest Warrant (the "Emergency Motion"). Mr. Tucker flew to Houston ready to appear before the Court at that time.

8. On April 1, 2016, the Court set a hearing on Monday, April 4, 2016 at 9:15 a.m. on the Emergency Motion.

9. On April 4, 2016, Mr. Tucker appeared before this Court with respect to the Emergency Motion. At the time of appearing before this Court, Mr. Tucker was still in the process of attempting to locate, review, and produce the ordered information.

10. At the April 4, 2016 hearing, the Court determined to remove the suspension from Mr. Tucker's Arrest Warrant and thus Mr. Tucker was placed into custody of the U.S. Marshall.

    b. <u>Mr. Tucker is Unable to Provide Responsive Information While in the Custody of the U.S. Marshall's Office</u>

11. The information ordered by this Court is not in a central location and is not in the

State of Texas.

12. To the extent that Mr. Tucker has any responsive information in his custody, possession, or control related to the $390 Claims, Mr. Tucker would need to search various software servers and document source locations to obtain the information.

13. The requested information centers around an initial transaction that occurred in or about 2012 and involved a large collection of debts, including the $390 Claims.

14. Mr. Tucker is in the process, prior to today, of locating any documents related to the "origination," "payment histories," or similar information for the $390 Claims from the original purchase transaction.

15. Generally, in similar debt transactions, the scope of this type of information is limited.

16. It is believed that most of the documents related to the $390 Claims, to the extent they exist, are likely located in storage facilities outside the state of Texas. Counsel has been able to locate, through access to emails, certain documents related to the $390 Claims, and they will be filed concurrently with this Motion in a filing called "Notice of Filing of Documents by Joel Tucker."

17. Mr. Tucker must travel to and access servers in Overland Park, Kansas and Denver, Colorado to identify responsive documents. Mr. Tucker is the only one with access to these electronic servers. These are third party hosted storage servers. This review will require attendance by Mr. Tucker.

18. Mr. Tucker will also need to review files containing physical hard copy documents in Edwards, Colorado and Kansas City, Missouri. These storage facilities are in Mr. Tucker's name, and he is the only one with the ability to access to them. The hard copy

documents are not segregated to allow someone other than Mr. Tucker to easily determine their responsiveness to the Court's Order.

19. Mr. Tucker's presence at these various locations is necessary in order for him to actually review the documents and determine what is responsive to the relevant claims.

20. Once at these storage facilities, Mr. Tucker must then manually go through various file cabinets, which contain a collection of other documents and information wholly unrelated to the $390 Claims. Again, Mr. Tucker is the only person with knowledge of which documents are and are not related to the $390 Claims, such that he is the only person who can sufficiently identify the relevant information for this Court and the parties.

21. Mr. Tucker does not have an assistant who could help him with this search. Nor does Mr. Tucker have employees who can either (1) access these documents; or (2) identify responsive materials. Moreover, counsel would be unable to identify which documents, if any, are related to the $390 Claims, without Mr. Tucker being able to physically access servers and document storage facilities as identified above.

22. Mr. Tucker's physical presence is absolutely necessary in order for him to complete the process of reviewing and producing responsive documents to this Court, and he will be unable to effectively do so unless he is allowed release by this Court.

### III.    REQUEST TO RELEASE JOEL TUCKER FROM CUSTODY

23. Rule 60 of the Federal Rules of Civil Procedure and its counterpart Rule 9024 of the Federal Rules of Bankruptcy Procedure allow a court to relieve a party from an order on the basis of where "applying it prospectively is no longer equitable" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

24. Further, the Court has the power to "entertain an independent action to relieve a

party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1); Fed. R. Bankr. P. 9024.

25. Good cause exists to release Joel Tucker from custody because: (1) Mr. Tucker intends to comply with this Court's orders, thus resolving concerns regarding Mr. Tucker's participation in this proceeding; and (2) Mr. Tucker is the only person with the ability to access and identify responsive documents. Thus, it would be in the parties best interest to allow him the opportunity to review and produce such materials. See Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.

26. Mr. Tucker intends to comply in good faith with this Court's orders, including the requirement to provide testimony and documents related to the $390 Claims. However, Mr. Tucker must be released from custody in order to fully comply, given his inability to identify responsive materials remotely.

27. Further, no other parties will be prejudiced by granting this Motion. In fact, the parties will receive the relevant documents more expeditiously if Mr. Tucker is released from custody.

28. Therefore, for the reasons stated above, it is equitable and within the jurisdiction of this Court to release Mr. Tucker from custody.

## IV.   CONCLUSION

29. WHEREFORE, Mr. Tucker respectfully requests that the Court enter an Order releasing him from custody and for such other and further relief as is just and proper.

Dated:  April 4, 2016

AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.

By: */s/ Jim Wetwiska*
Jim Wetwiska

Fed. No. 18089
TX State Bar No. 00785223
jwetwiska@akingump.com
Roxanne Tizravesh
Fed. No. 2618739
TX State Bar No. 24091141
rtizravesh@akingump.com
1111 Louisiana Street, 44th Floor
Houston, TX 77002-5200
Tel: 713-220-5800
Fax: 713-236-0822

*Attorneys for Joel Tucker*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of April, 2016, a true and correct copy of the foregoing **Emergency Motion to Set Aside Arrest Warrant** was served upon all counsel of record via ECF electronic service and email.

*/s/ Jim Wetwiska*
Jim Wetwiska