IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: § | |
| § | |
| ATLAS ACQUISITIONS LLC, *et al* § | MISC CASE NO. 16-302 |
| § | (JUDGE ISGUR) |
| § | |

**NOTICE OF DEFICIENT APRIL 8TH DOCUMENT PRODUCTION OF JOEL TUCKER**
**(Relates to Dkt # 35)**

**TO THE HONORABLE MARVIN ISGUR,**
**UNITED STATES BANKRUPTCY JUDGE:**

1.   On April 4, 2016, this Court approved an Order of Temporary Release, which conditioned the release from jail of Joel Tucker on production of documents on a rolling basis.

2.   The first deadline under the Order was 5 p.m. on Friday, April 8, 2016. The Order commanded Mr. Tucker to produce "copies of all emails, e-mail attachments, text messages and other electronic communications directly or indirectly related to the $390.00 alleged 'Castle Peak' claims" ("the April 8th production").

3.   Mr. Tucker produced two databases and a few other documents prior to the above-described deadline. However, Mr. Tucker's production was seriously deficient, including for the following reasons:

- Mr. Tucker failed to produce emails and other documents relating to the extensive email communications that he had with Jeffrey Brooks of First Source Data, LLC regarding the negotiation and sale of the $390 claims to Porania, LLC. Inasmuch as Mr. Brooks and First Source Data, LLC have already produced those emails pursuant to Court Order, it is clear that Mr. Tucker has withheld numerous emails with Mr. Brooks from the April 8th production; and

- Mr. Tucker failed to produce any emails, attachments and other electronic communications between him and the persons or entities who own the $390 claims or from whom he acquired the $390 claims.

4. The undersigned notified Mr. Tucker's counsel of the seriously deficient production via email at 5:02 p.m. on Friday, April 8th and the undersigned's intent to notify the Court of the deficient production unless it was immediately supplemented.

5. The April 8th production was not supplemented. A copy of Mr. Tucker counsel's April 11th response to the undersigned's above-described email and the ensuing exchange between counsel is attached to this notice.

Respectfully submitted:

*/s/ Tom Kirkendall*
Tom Kirkendall
State Bar No. 11517300/SDTX No. 02287
**LAW OFFICE OF TOM KIRKENDALL**
2 Violetta Court
The Woodlands, Texas 77381-4550
(281) 364.9946
(888) 582.0646 (fax)
bigtkirk@kir.com

**ATTORNEY FOR PRORANIA, LLC AND JEFFREY DUNN**

<u>**C**ERTIFICATE OF **S**ERVICE</u>

The undersigned certifies that, on April 11th, 2016, a true and correct copy of the foregoing notice was served upon the following parties-in-interest via email and through the ECF system:

Barbara M. Barron
Stephen W. Sather
BARRON & NEWBURGER, P.C.
1212 Guadalupe St., Suite 104
Austin, Texas 78701
(512) 476-9103,
bbarron@bn-lawyers.com
ssather@bn-lawyers.com

**COUNSEL FOR ATLAS ACQUISITIONS, LLC**

Dinorah Gonzalez
COUNSEL FOR DAVID G. PEAKE, CHAPTER 13 TRUSTEE
Office of David G. Peake, Chapter 13 Trustee
9660 Hillcroft, Suite 430
Houston, TX 77096
713-283-5400
dgonzalez@peakech13trustee.com

David Aaron DeSoto
MANN LAW FIRM PLLC
5555 West Loop South, Suite 240
Bellaire, Texas 77401
(713) 893-8962
ddesoto@mannlawtexas.com

**COUNSEL FOR JH PORTFOLIO DEBT EQUITIES, LLC**

Joshua W. Wolfshohl
Aaron J. Power
PORTER & HEDGES, LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
jwolfshohl@porterhedges.com
apower@porterhedges.com

**COUNSEL FOR JEFFREY D. BROOKS AND FIRST SOURCE DATA, LLC**

Karlyn Kent
General Counsel
Castle Peak Capital Advisors, LLC
1324 Bulrush Ct
Carlsbad, CA 92011
760-476-1614
Karlyn.kent@castle-peak.com

Jim Wetwiska
Roxanne Tizravesh
AKIN GUMP
1111 Louisiana, 44th Floor
Houston, Texas 77002
713.220.5899

**COUNSEL FOR JOEL TUCKER**


*/s/ Tom Kirkendall*
Tom Kirkendall

**Tom Kirkendall** <bigtkirk@kir.com>                                                      Apr 8, 2016, 5:02 PM

to:
Tizravesh, Roxanne <rtizravesh@akingump.com>,
Jim Wetwiska <jwetwiska@akingump.com>

cc:
David DeSoto <ddesoto@mannlawtexas.com>,
Barbara Barron (bbarron@bn-lawyers.com) <bbarron@bn-lawyers.com>,
Steve Sather (ssather@bn-lawyers.com) <ssather@bn-lawyers.com>,
Joshua Wolfshohl <jwolfshohl@porterhedges.com>,
Dinorah Gonzalez <dgonzalez@peakech13trustee.com>,
Karlyn Kent <karlyn.kent@castle-peak.com>

bcc:
Jonathan Koop <jkoop@bkacquisitions.com>,
Jeff Dunn <jefdun@gmail.com>

Roxanne and Jim:

This is a seriously deficient production.

Mr. Tucker was ordered to produce "copies of all emails, e-mail attachments, text messages and other electronic communications directly or indirectly related to the $390.00 alleged "Castle Peak" claims."

Mr. Tucker's production does not come close to fulfilling this order.

I know from documents already produced by First Source and Mr. Brooks that the relative few emails that Mr. Tucker produced does not come close to the emails that were exchanged between Mr. Tucker and Mr. Brooks in connection with the $390 claims. Mr. Tucker even failed to produce his copies of the emails that were introduced as exhibits at the April 4th hearing.

Moreover, and even more serious, is Mr. Tucker's failure to produce *any* emails and related documents between him and the persons or entities from whom he purchased the $390 claims. These emails are clearly covered by the Court's order.

Mr. Tucker's continued failure to comply with the Court's orders is troubling.

Absent immediate supplementation of this production, I will notify the Court on Monday morning regarding the deficient nature of it.



**Tom Kirkendall, Lawyer**
281.364.9946 (o) | 713.703.3536 (m) + (txt) | 888.582.0646 (fax) |
Houston & The Woodlands, TX | bigtkirk@kir.com | www.kir.com



...

In re Atlas - Joel Tucker Production of Documents

---

**Wetwiska, Jim** to Tom, Roxanne, David, Barbara, Steve, Joshua, Dinorah, Karlyn                      8:37 AM

Tom,

I disagree with your comments. Mr. Tucker conducted a diligent and reasonable search of his current emails to comply with the Court's order.  Mr. Tucker has produced the responsive emails that were located as a result of this search. These included communications with Mr. Brooks about the sale of certain debt obligations/accounts, and spreadsheets of accounts.

With respect to your claim that a few emails between your client and Mr. Tucker were not produced, the search covered all emails involving your client's email address. This included sent and received.  The few emails you point to involving the April 4 hearing are not within Mr. Tucker's email account and therefore not available to be produced. If you believe there is a search term more appropriate than Mr. Brooks' email address for identifying emails exchanged with your client, please let me know and we can discuss whether it should be also used.

As to your complaint regarding emails with respect to acquiring the underlying "$390 claims", you are aware that Mr. Tucker is continuing to search for responsive physical and electronic documents by reviewing information in Colorado and Kansas City.  It appears the relevant time period stretches back to four or 5 years ago.

As you know, Mr. Tucker did not file the proof of claims at issue and he did not make representations with respect to the claims.  Mr. Tucker is very aware of the Court's order and his search for responsive documentation is continuing within the parameters set forth in the order.

I am available this morning if you would like to discuss the search or if you have specific questions.

Jim Wetwiska

…

> AKIN GUMP STRAUSS HAUER & FELD LLP
>
> 1111 Louisiana Street | 44th Floor | Houston, TX 77002-5200 | USA | Direct: +1 713.220.5899 | Internal: 15899
> Fax: +1 713.236.0822 | Mobile: +1 713.858.6275 | jwetwiska@akingump.com | akingump.com |
>
> …
>
>> On Apr 8, 2016, at 5:02 PM, Tom Kirkendall <bigtkirk@kir.com> wrote:
>>
>>> *This email originated outside of Akin Gump*
>>
>> …

In re Atlas - Joel Tucker Production of Documents

**Tom Kirkendall** to Jim, Roxanne, David, Barbara, Steve, Joshua, Dinorah, Karlyn, bcc: Jonathan, Jeff        8:58 AM

Jim, your response is unsatisfactory.

Mr. Brooks has produced voluminous emails between himself and Mr. Tucker regarding the sale of the $390 claims to my client. Mr. Tucker has produced a relative few of them.

Moreover, Mr. Tucker has produced no emails or other documents regarding his acquisition of the $390 claims. Indeed, Mr. Brooks has produced emails in which Mr. Tucker indicates that he was recently in contact with persons regarding media requests in regard to the $390 claims.

This is not a negotiation. Mr. Tucker was ordered to produce emails and related attachments pertaining to the $390 claims. He clearly has not. I'm notifying the Court of this deficiency later this morning.

…

In re Atlas - Joel Tucker Production of Documents

**Wetwiska, Jim** to Tom, Roxanne, David, Barbara, Steve, Joshua, Dinorah, Karlyn                                            9:28 AM

Tom,

Mr. Tucker has made a diligent and reasonable search of his current emails. Since you do not wish to discuss the production and have stated you intend to communicate your opinion to the Court, I request that your communication include the following:

1. You refused to provide emails that Mr. Brooks has produced in this matter.  This prohibits us from evaluating whether there are alternative alternative search terms that might be utilized in searching for documents relating to a transaction between your client and Paronia.

2. You refused to discuss with me alternative searches that might identify emails to Brooks, and

3. You have no knowledge as to whether there were ever emails relating to the acquisition of the claims in 2011/2012 and that you are aware that Mr. Tucker will be reviewing electronic and physical storage in Colorado and Kansas City for any underlying documentation responsive to the Court's order. In fact, the Colorado review is tomorrow.


Again, I am available if you change your mind and wish to discuss.

Thank you
…

In re Atlas - Joel Tucker Production of Documents

**Wetwiska, Jim** to Tom, Roxanne, David, Barbara, Steve, Joshua, Dinorah, Karlyn    11:28 AM

Tom,

I would like to again request that Prorania produce documents you have received from First Source and Mr. Brooks. Can you forward them this morning?

Also, can you provide us all the due diligence documents your client reviewed, as you discuss in your February 29 motion?

Would like to see before Mr. Tucker's review tomorrow.
…

In re Atlas - Joel Tucker Production of Documents

**Tom Kirkendall** to Jim, Roxanne, David, Barbara, Steve, Joshua, Dinorah, Karlyn                                    11:40 AM

Jim, in view of Mr. Tucker's seriously deficient document production, I will not produce First Source, LLC's document production to you unless or until directed to do so by the Court.

…